■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DASHAWN G., Appellant. [979 NYS2d 900]—Appeal from an adjudication of the Erie County Court (Michael L. D'Amico, J.), rendered May 10, 2012. The adjudication convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the adjudication so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an adjudication based upon a jury verdict finding him guilty of robbery in the second degree (Penal Law § 160.10 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although "an acquittal would not have been unreasonable" in light of defendant's testimony (Danielson, 9 NY3d at 348), it cannot be said that the jury failed to give the evidence the weight it should be accorded in concluding that defendant participated in the robbery (see People v Leggett, 101 AD3d 1694, 1694 [2012], lv denied 20 NY3d 1101 [2013]). The jury " 'see[s] and hear[s] the witnesses [and thus] can assess their credibility and reliability in a manner that is far superior to that of [this Court, which] must rely on the printed record' " (People v Horton, 79 AD3d 1614, 1615 [2010], lv denied 16 NY3d 859 [2011], quoting People v Lane, 7 NY3d 888, 890 [2006]), and we perceive no reason to disturb the jury's credibility determinations. Present—Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS M. ZIRBEL, Appellant. [979 NYS2d 900]—Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered September 13, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [4]). The record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (see id. at 255; see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]). Present—Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.